COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Jonathan D. Canfield v. The State of Texas

Appellate case number:    01-12-00303-CR

Trial court case number:   1216717

Trial court:                        338th District Court of Harris County

The complete record has been filed in the above-referenced appeal. Appellant's appointed counsel, Kurt B. Wentz, has not filed a brief on appellant's behalf. Appellant's brief was first due on June 13, 2012. On September 14, 2012, the Court granted appellant's motion for extension of time to file a brief, ordering that appellant's brief be filed by November 1, 2012 and that, absent extraordinary circumstances, the Court would not grant additional motions to extend time. On November 27, 2012, the Clerk of the Court notified appellant that a brief had not yet been filed and required a response within 10 days. On December 7, 2012, counsel filed a motion for further extension of time to file a brief. The motion is **denied**.

Pursuant to Texas Rule of Appellate Procedure 38.8(b), if, after notice, an appellant in a criminal case fails to timely file a brief, we "must order the trial court to immediately conduct a hearing" on the matter. TEX. R. APP. P. 38.8(b). Accordingly, we abate this appeal and direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel Kurt B. Wentz shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1] The trial court shall have a court reporter record the hearing.

---

1       Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The trial court is directed to make findings and issue appropriate orders on these issues:

(1)  whether appellant wishes to prosecute the appeal; and, if so,

(2)  whether good cause exists to relieve Kurt B. Wentz of his duties as appellant's counsel; and

(a)  if good cause does not exist, set a date certain when appellant's brief will be filed, no later than 30 days from the date of the hearing; or

(b)  if good cause exists, enter a written order relieving Kurt B. Wentz of his duties as appellant's counsel, including in the order the basis for and finding of good cause, and appointing substitute counsel, who shall be instructed to file a brief on appellant's behalf within 30 days from the date of the hearing.

TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04(a), (b), (c), and (j)(2) (West Supp. 2012); TEX. R. APP. P. 38.8(b).

**The trial court's findings and recommendations shall be included in a supplemental record, which the district clerk shall file in this Court no later than January 11, 2013.**  If the hearing is conducted by video teleconference, the trial court's findings and recommendations and a certified video recording of the hearing shall be filed in this Court no later than January 11, 2012.

The appeal is abated, treated as a closed case, and removed from this Court's active docket.  The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court.  **The court coordinator of the trial court shall set a hearing date and notify the parties of and the Clerk of this Court of such date.**

It is so **ORDERED**.


Judge's signature: /s/ Justice Radack
                     ☐ Acting individually     ☐ Acting for the Court


Date:  December  12, 2012